UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | | |
|---|---|---|
| Brandi Wesley, *on behalf of herself and others similarly situated*, | ) ) ) | Civil Action No.: |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | Proposed Class Action |
| Snap Finance LLC, | ) ) ) | |
| Defendant. | ) ) | |

**CLASS ACTION COMPLAINT**

**Nature of this Action**

1.  Brandi Wesley ("Plaintiff") brings this class action against Snap Finance LLC ("Defendant"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.  Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system, and an artificial or prerecorded voice, to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent, in that Defendant places autodialed calls, and artificial or prerecorded voice calls, to wrong or reassigned cellular telephone numbers.

**Jurisdiction and Venue**

3.  This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Defendant is based in this district and as a substantial portion of the events giving rise to this action occurred in this district.

1

## Parties

5. Plaintiff is a natural person who at all relevant times resided in Arlington, Texas.

6. Defendant is a financial services company located in West Valley City, Utah.

## Factual Allegations

7. Plaintiff is the regular and sole user of her cellular telephone number—(817) 902-XXXX.

8. Sometime in 2019, Defendant began placing calls to Plaintiff's cellular telephone number.

9. From November 6, 2019 through January 27, 2020 Defendant placed at least 60 calls to Plaintiff's cellular telephone number.

10. On the occasions that Plaintiff answered Defendant's calls she was greeted with an artificial or prerecorded voice message that did not allow her to connect to a live person, but rather requested that she place a return call to Defendant.

11. Also from November 6, 2019 through January 27, 2020 Defendant left at least 8 artificial or prerecorded voice messages on Plaintiff's cellular telephone voicemail.

12. One of the artificial or prerecorded voice messages that Defendant left on Plaintiff's cellular telephone voicemail states: "This is an important message from Snap Finance. Please give us a call as soon as you get this message at 1-855-296-0213. Again, this is an important message from Snap Finance. Please give us a call as soon as you get this message at 1-855-296-0213. Thank you." Click here for Link to Recording.

13. Of note, internet message boards regarding Defendant reference transcriptions and recordings of similar artificial or prerecorded voice messages that Defendant delivered. *See, e.g.*, https://directory.youmail.com/directory/phone/8552960213 (last visited Feb. 19, 2020) ("This is

an important message from snap finance. We need you to please call us back as soon as possible at 1-855-296-0213. Again this is an important message from snap finance. We need you to please call us back as soon as possible at 1-855-296-0213. . . .").

14. But Plaintiff is not, nor was, one of Defendant's customers.

15. Plaintiff does not, nor did, have any business relationship with Defendant.

16. Plaintiff did not provide her cellular telephone number to Defendant.

17. And Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system, or an artificial or prerecorded voice.

18. Not surprising, therefore, is that Defendant placed its calls to Plaintiff's cellular telephone number in an effort to reach a third party, not related to Plaintiff in any personal or professional manner.

19. In fact, upon placing a return call to Defendant, one of its representatives—Jennifer—informed Plaintiff that "it looks like we might have your phone number for somebody else's account."

20. Plaintiff does not know the third party that Defendant attempted to reach by placing calls to her cellular telephone number.

21. No matter, even after Defendant acknowledged that it called Plaintiff's cellular telephone number in error, Defendant placed at least one additional call to Plaintiff's cellular telephone number—on or around February 24, 2020—in an effort to reach someone other than Plaintiff.

22. Similarly, after Defendant acknowledged that it called Plaintiff's cellular telephone number in error, Defendant delivered at least one text message to Plaintiff's cellular telephone number—on or around February 26, 2020—in an effort to reach someone other than Plaintiff:



23. When dialed, (855) 296-0213 plays a recorded greeting that begins: "Hi, thanks for calling Snap Finance . . . ."

24. Relevant, then, is that internet messages boards regarding Defendant reference "wrong number" calls that Defendant made. *See, e.g.*, https://www.shouldianswer.com/phone-number/8775573769 (last visited Feb. 19, 2020) ("wrong number").

25. Also significant, Defendant's Application Terms and Conditions read, in part: "By signing, you give us permission to call the landline or cell phone numbers provided by you, by automated dialer or otherwise, and to leave voice messages at the phone numbers listed above, disclosing the name of Snap Finance, contact information, and the nature of the call." https://snapfinance.com/consumer-terms-of-use (last visited Feb. 19, 2020).

26. Considering this, and in light of the nature and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

27. Similarly, and also in light of the nature and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

28. Furthermore, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

29. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

30. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

31. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system, and an artificial or prerecorded voice, to place its calls to Plaintiff's cellular telephone number.

32. Plaintiff suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

33. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system, and an artificial or prerecorded voice, to

place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

## Class Action Allegations

34. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Snap Finance LLC placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Snap Finance LLC accountholder, (3) by using an automatic telephone dialing system, or an artificial or prerecorded voice, (4) from February 27, 2016 through the date of class certification.

35. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

36. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

37. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

38. The class is ascertainable because it is defined by reference to objective criteria.

39. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

40. Plaintiff's claims are typical of the claims of the members of the class.

41. As it did for all members of the class, Defendant used an automatic telephone dialing system, and an artificial or prerecorded voice, to place calls to Plaintiff's cellular telephone number.

42. Like all members of the proposed class, Plaintiff is not, and never was, one of Defendant's accountholders.

43. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

44. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

45. Plaintiff suffered the same injuries as the members of the class.

46. Plaintiff will fairly and adequately protect the interests of the members of the class.

47. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

48. Plaintiff will vigorously pursue the claims of the members of the class.

49. Plaintiff has retained counsel experienced and competent in class action litigation.

50. Plaintiff's counsel will vigorously pursue this matter.

51. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

52. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

53. Issues of law and fact common to all members of the class are:

   a. Defendant's violations of the TCPA;

   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   c. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

   d. Defendant's use of an artificial or prerecorded voice, and

  e. The availability of statutory penalties.

54. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

55. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

56. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

57. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

58. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

59. The damages suffered by each individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

60. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

61. There will be little difficulty in the management of this action as a class action.

62. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

### Count I—Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

63. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-62.

64. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number without consent.

65. Defendant separately violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number without consent.

66. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, by using an automatic telephone dialing system, or an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: March 5, 2020

*/s/ Curtis R. Hussey*
Curtis R. Hussey (USB 5488)
Hussey Law Firm, LLC
82 Plantation Pointe Road # 288
Fairhope, AL 36532
Phone: (251) 401-4882
gulfcoastadr@gmail.com

Aaron D. Radbil (to seek admission *pro hac vice*)
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed class