UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Brandi Wesley, *on behalf of herself and others similarly situated*, | Civil Action No.: 2:20-cv-00148-RJS-JCB |
| Plaintiff, | |
| v. | |
| Snap Finance LLC, | District Judge Robert J. Shelby |
| Defendant. | Magistrate Judge Jared C. Bennett |
| Snap Finance LLC, | Jury Trial Demanded |
| Third-Party Plaintiff, | Proposed Class Action |
| v. | |
| Derrick Deon Jackson, Jr., a/k/a Derrick Johnson, | |
| Third-Party Defendant. | |

## AMENDED CLASS ACTION COMPLAINT

### Nature of this Action

1. Brandi Wesley ("Plaintiff") brings this class action against Snap Finance LLC ("Defendant"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates

1

47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system, and an artificial or prerecorded voice, to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent, in that Defendant places autodialed calls, and artificial or prerecorded voice calls, to wrong or reassigned cellular telephone numbers.

## Jurisdiction and Venue

3.   This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4.   Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Defendant is based in this district and as a substantial portion of the events giving rise to this action occurred in this district.

## Parties

5.   Plaintiff is a natural person who at all relevant times resided in Arlington, Texas.

6.   Defendant is a financial services company located in West Valley City, Utah.

## Factual Allegations

7.   Plaintiff is the regular and sole user of her cellular telephone number—(817) 902-XXXX.

8. Sometime in November 2019, Defendant began placing calls to Plaintiff's cellular telephone number.

9. From November 6, 2019 through February 7, 2020 Defendant placed at least 60 calls to Plaintiff's cellular telephone number.

10. On the occasions that Plaintiff answered Defendant's calls she was greeted with an artificial or prerecorded voice message that did not allow her to connect to a live person, but rather requested that she place a return call to Defendant.

11. Also from November 6, 2019 through February 7, 2020 Defendant left at least 8 artificial or prerecorded voice messages on Plaintiff's cellular telephone voicemail.

12. One of the artificial or prerecorded voice messages that Defendant left on Plaintiff's cellular telephone voicemail states: "This is an important message from Snap Finance. Please give us a call as soon as you get this message at 1-855-296-0213. Again, this is an important message from Snap Finance. Please give us a call as soon as you get this message at 1-855-296-0213. Thank you." Click here for Link to Recording.

13. Of note, internet message boards regarding Defendant reference transcriptions and recordings of similar artificial or prerecorded voice messages that Defendant delivered. *See, e.g.*, https://directory.youmail.com/directory/phone/8552960213 (last visited Oct. 29,

2020) ("This is an important message from snap finance. We need you to please call us back as soon as possible at 1-855-296-0213. Again this is an important message from snap finance. We need you to please call us back as soon as possible at 1-855-296-0213. . . .").

14. But Plaintiff is not, nor was, one of Defendant's customers.

15. Plaintiff does not, nor did, have any business relationship with Defendant.

16. Plaintiff did not provide her cellular telephone number to Defendant.

17. And Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system, or an artificial or prerecorded voice.

18. Not surprising, therefore, is that Defendant placed its calls to Plaintiff's cellular telephone number in an effort to reach a third party, not related to Plaintiff in any personal or professional manner.

19. In fact, upon placing a return call to Defendant, one of its representatives—Jennifer—informed Plaintiff that "it looks like we might have your phone number for somebody else's account."

20. Plaintiff does not know the third party that Defendant attempted to reach by placing calls to her cellular telephone number.

21.     No matter, even after Defendant acknowledged that it called Plaintiff's cellular telephone number in error, Defendant placed at least one additional call to Plaintiff's cellular telephone number—on or around February 24, 2020—in an effort to reach someone other than Plaintiff.

22.     Similarly, after Defendant acknowledged that it called Plaintiff's cellular telephone number in error, Defendant delivered at least one text message to Plaintiff's cellular telephone number—on or around February 26, 2020—in an effort to reach someone other than Plaintiff:



23.     When dialed, (855) 296-0213 plays a recorded greeting that begins: "Hi, thanks for calling Snap Finance . . . ."

24.     Relevant, then, is that internet messages boards regarding Defendant reference "wrong number" calls that Defendant made. *See, e.g.*,

5

https://www.shouldianswer.com/phone-number/8775573769 (last visited Oct. 29, 2020) ("wrong number").

25.  Also significant, Defendant's Application Terms and Conditions read, in part: "By signing, you give us permission to call the landline or cell phone numbers provided by you, by automated dialer or otherwise, and to leave voice messages at the phone numbers listed above, disclosing the name of Snap Finance, contact information, and the nature of the call." https://snapfinance.com/consumer-terms-of-use (last visited Oct. 29, 2020).

26.  Considering this, and in light of the nature and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

27.  Similarly, and also in light of the nature and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018); *see also*

*Allan v. Pennsylvania Higher Educ. Assistance Agency*, No. 19-2043, 968 F.3d 567 (6th Cir. 2020); *Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020).

28. Furthermore, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

29. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

30. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

31. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system, and an artificial or prerecorded voice, to place its calls to Plaintiff's cellular telephone number.

32. Plaintiff suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

33. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system, and an artificial or prerecorded voice, to place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

## Class Action Allegations

34. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

7

*Automatic Telephone Dialing System Class*: All persons throughout the United States (1) to whom Snap Finance LLC placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Snap Finance LLC accountholder, (3) by using InContact Max-Version 540af5c, or a dialing system characterized by 3CLogic Inc. as an "automated dialer," (4) from February 27, 2016 through the date of class certification.

*Prerecorded or Artificial Voice Class*: All persons throughout the United States (1) to whom Snap Finance LLC placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Snap Finance LLC accountholder, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from February 27, 2016 through the date of class certification.

*Text Message Class*: All persons throughout the United States (1) to whom Snap Finance LLC delivered, or caused to be delivered, a text message, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Snap Finance LLC accountholder, (3) by using MessageMedia, or a dialing system characterized by 3CLogic Inc. as an "automated dialer," (4) from February 27, 2016 through the date of class certification.

35. Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

36. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

37. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

38. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

39. In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

40. Plaintiff's claims are typical of the claims of the members of the classes.

41. As it did for all members of the Automatic Telephone Dialing System Class, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number.

42. As it did for all members of the Prerecorded or Artificial Voice Class, Defendant used an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number.

43. As it did for all members of the Text Message Class, Defendant used an automatic telephone dialing system to deliver text messages to Plaintiff's cellular telephone number.

44. Plaintiff is not, and never was, one of Defendant's accountholders.

45. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

46. Plaintiff's claims are based on the same theories as the claims of the members of the classes.

47. Plaintiff suffered the same injuries as the members of the classes.

48. Plaintiff will fairly and adequately protect the interests of the members of the classes.

49. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

50. Plaintiff will vigorously pursue the claims of the members of the classes.

51. Plaintiff has retained counsel experienced and competent in class action litigation.

52. Plaintiff's counsel will vigorously pursue this matter.

53. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

54. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

55. Issues of law and fact common to all members of the classes are:

    a. Defendant's violations of the TCPA;

    b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

    c. Defendant's conduct, pattern, and practice as it pertains to texting wrong or reassigned cellular telephone numbers;

    d. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

    e. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

    f. Defendant's use of an artificial or prerecorded voice, and

    g. The availability of statutory penalties.

56. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

57. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

58. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

59. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

60. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories,

could also create and allow the existence of inconsistent and incompatible rights within the classes.

61. The damages suffered by individual members of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

62. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

63. There will be little difficulty in the management of this action as a class action.

64. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

### Count I—Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

65. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-64.

66. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the Automatic Telephone Dialing System Class without consent.

67. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the Prerecorded or Artificial Voice Class without consent.

68. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to deliver text messages to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the Text Message Class without consent.

69. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the classes under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel to the classes under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, by using an automatic telephone dialing system, or an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the classes damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: December 4, 2020        */s/ Aaron D. Radbil*
Aaron D. Radbil (*pro hac vice*)
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540

Austin, Texas 78701
Phone: (512) 803-1578
aradbil@gdrlawfirm.com

Curtis R. Hussey
Hussey Law Firm, LLC
82 Plantation Pointe Road # 288
Fairhope, AL 36532
Phone: (251) 401-4882
gulfcoastadr@gmail.com

Counsel for Plaintiff and the proposed classes

## CERTIFICATE OF SERVICE

I certify that on December 4, 2020, the foregoing document was filed with the Court using CM/ECF, which will send notification of such to all counsel of record.

/s/ *Aaron D. Radbil*
Aaron D. Radbil