BALLARD SPAHR LLP
Melanie J. Vartabedian (#10148)
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah  84111-2221
Telephone: 801.531.3000
vartabedianm@ballardspahr.com

Jenny N. Perkins (*Admitted Pro Hac Vice*)
Martin C. Bryce, Jr. (*Admitted Pro Hac Vice*)
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.665.8500
perkinsj@ballardspahr.com
bryce@ballardspahr.com

*Attorneys for Defendant, Snap Finance LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BRANDI WESLEY, on behalf of herself and others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SNAP FINANCE LLC,**<br><br>**Defendant.** | **DEFENDANT SNAP FINANCE LLC'S MEMORANDUM IN SUPPORT OF PROPOSED NOTICE**<br><br>**Case No.:  2:20-cv-00148-RJS-JCB**<br><br>Chief Judge Robert J. Shelby<br>Magistrate Judge Jared C. Bennett |
| **SNAP FINANCE LLC,**<br><br>**Third-Party Plaintiff,**<br><br>v.<br><br>**DERRICK DEON JACKSON, JR., A/K/A DERRICK JOHNSON,**<br>        **Third-Party Defendant.** | |

I.      **INTRODUCTION AND RELIEF SOUGHT**

Pursuant to the Court's Order, ECF No. 92, Defendant Snap Finance LLC ("Snap") submits this Memorandum in support of its proposed notice.[1] As ordered by the Court, the parties met and conferred regarding Plaintiff's proposed notice. As a result of that meet and confer, Snap provided to Plaintiff's counsel its proposed changes.[2] Plaintiff's counsel never responded to those proposed changes. Accordingly, there is no agreement on the substance of the notice that should be provided to the Class.

This Court held that Plaintiff "demonstrated that class members can be identified in an efficient way" by using "Snap's call logs, reverse lookup procedures, and various other techniques described in [Plaintiff's] notice plan." ECF No. 92 at 37. Plaintiff, who apparently intends to direct notice to every person on Snap's "wrong number" list, explains none of this in her proposed notice. *See* Exhibit C hereto, Plaintiff's proposed notice. Nor does her proposed notice afford the recipients – not all of whom are actual class members as recognized by both the Court and Plaintiff[3] – any means for demonstrating class membership.

---

[1] Snap provides this memorandum, and proposed long form notice (attached hereto as Exhibit A), without waiver of its pending motion for a stay of these proceedings to allow the Tenth Circuit's review of its pending Fed. R. Civ. P. 23(f) Petition to Appeal. ECF No. 96. Snap also submits this memorandum and its proposed form of notice without waiver of its Fed. R. Civ. P. 23(f) Petition.

[2] Exhibit B attached hereto is a redline showing the changes from Plaintiff's proposed long form notice.

[3] *See* ECF No. 64-23 at ¶ 8 (notice to be directed to "potential" class members), ¶ 12 (notice to "potential" class members), ¶ 19 (notice to "likely" class members); ECF No. 64 at 24 (notice to be provided to "potential class members"). Plaintiff admitted that "[i]ndividuals receiving notice must then determine whether they are bona fide class members affected by this case." *Id*.

As Plaintiff failed to provide any means for identifying potential class members at the time of certification – short of her proposed notice plan – implementing the steps necessary to verify class membership is a crucial part of class notice here. *See Mullins v. Direct Digital, LLC*, 795 F.3d 654, 664, 667 (7th Cir. 2015) (noting that the "administrative burdens" in identifying class members can be eased by the procedures of Rule 23(c) and that district courts can customize techniques to identify actual class members); *see also* WRIGHT, MILLER, KANE, FEDERAL PRACTICE & PROC. § 1787 (2005) (noting that courts may require affirmative action by absent class members as part of notice under Rule 23(c)(2), and concluding that "[b]ecause the proof-of-claim form may serve an important function, the best approach is to consider the desirability of its use on the basis of the facts in each case."). Indeed, this Court acknowledged during oral argument for certification that Plaintiff's notice plan is a "tool enabling [Plaintiff] to define a universe of people who [are] going to receive notice." Class Cert. Hearing Tr. at 43-44.

Notwithstanding this procedural history, Plaintiff has proposed a class notice that contains no mechanism for verification of class membership nor does it inform class members that such verification will be necessary in the future. Snap's proposed notice remedies that failure.[4] *See* Exhibits A & B hereto.

In response to Plaintiff's deficient form of proposed notice, Snap has proposed a form of notice that will actually inform the recipients of the nature of the class certified and the steps necessary to verify membership – namely an attestation that they are not now (and never were) customers of Snap or a Snap affiliate, and that they received a prerecorded message on their

---

[4] Snap reserves the right to contest any notice recipient's membership in the certified class.

cellular telephone during the class period. Snap's proposed notice also informs each recipient that any attestation is potentially subject to challenge by Snap. Thus, each recipient is fully informed that they are not necessarily a member of the class, the process for demonstrating membership and the fact that Snap may challenge their membership. This will allow each recipient to make an informed decision – as contemplated by Rule 23(c)(2) – when deciding whether or not to opt-out of the class.

## II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

On September 21, 2021, this Court certified a nationwide class consisting of what Plaintiff speculates are over 30,000 individuals who while not customers of Snap allegedly received a prerecorded voice message on their cellular telephones in violation of the Telephone Consumer Protection Act ("TCPA"). There is no dispute that Snap never maintained any list of noncustomers who received prerecorded voice messages. There is no dispute that Snap only sought to call customers from whom it had received the requisite consent. While Snap's system of record did identify certain numbers as a "wrong number," it was unrefuted that such designation did not identify noncustomers. However, Plaintiff proposed to identify the class by relying on Snap's "wrong number" designations and then through what could best be described as a self-identification process on the part of the putative class. Now is the time to identify that process.

There is no dispute that the "wrong number" list is but the starting point for identifying the class. *See, e.g.*, ECF No. 92 at 37. As such, that "wrong number" list, without some additional steps, cannot form a basis of identifying class members through a reasonable effort as required by Fed. R. Civ. P. 23(c)(2).

3

Snap has proposed in its notice a means for determining whether notice recipients are indeed class members. Snap's proposed long form notice can be sent to the same list of individuals Plaintiff has proposed, yet it will serve to inform recipients that: 1) additional steps are necessary to establish membership in the class and any potential entitlement to damages; and 2) those additional steps require attestation that the notice recipient is not a Snap noncustomer and that they received a prerecorded voice message on their cellular telephone during the relevant time period.

### III.  ARGUMENT

In order to satisfy due process, class notice must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Fager v. CenturyLink Communs., LLC*, 854 F.3d 1167, 1171 (10th Cir. 2016) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). In the Tenth Circuit, this standard is considered largely coextensive with the requirements of Fed. R. Civ. P. 23(c)(2), requiring "the best notice that is practicable under the circumstances, including individual notice to **all members who can be identified** through reasonable effort." *Id.* (emphasis added) (citing *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005)).

Here, Plaintiff's notice plan consists entirely of utilizing Snap's "wrong number" list, ECF No. 64-23 ¶¶ 13-14, "deduplicat[ing]" it to ensure that no number appears more than once, *id.*, ¶ 16, and then applying reverse look-up processes to obtain names and addresses corresponding to the numbers, *id.*, ¶¶ 17-18, and then to provide that person notice. Critically, as Plaintiff's notice plan starts and ends with the "wrong number" list, it does not offer any

mechanism for identifying the class as both Plaintiff and her "expert" recognized. *Id*., ¶ 8 (notice to be directed to "potential" class members), ¶ 12 (notice to "potential" class members), ¶ 19 (notice to "likely" class members); ECF No. 64 at 24 (notice to be provided to "potential class members"). Plaintiff admitted that "[i]ndividuals receiving notice must then determine whether they are bona fide class members affected by this case." *Id*. However, the closest Plaintiff has ever come to explaining how those "potential class members" would do that were vague references to the submission of affidavits. ECF No. 79 at 5-6; ECF No. 88 at 1-4. Plaintiff now contends that the submission of affidavit should not happen at the notice stage, but rather, post judgment at the claims submission stage. This argument assumes what it seeks to prove: that everyone who "does nothing" in response to receipt of notice is properly included in the class, and identified by "reasonable effort" as required by Rule 23(c)(2). However, due to the demonstrably flawed, inaccurate, and incomplete nature of the "wrong number" list and any third party reverse-look up service, a significant number of notice recipients under Plaintiff's proposed "do nothing" notice plan would not be members of the class, and the effort undertaken to actually identify class members is clearly not reasonable under the circumstances. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974) (rejecting lower court's reasoning that the expense of a notice plan permitted a scattershot notice method: "There is nothing in Rule 23 to suggest that the notice requirements can be tailored to fit the pocketbooks of particular plaintiffs"); *Phila. Elec. Co. v. Anaconda Am. Brass Co.*, 43 F.R.D. 452, 459 (E.D. Pa. 1968) (describing how opt-in requirements of proposed notice would "reveal the true scope of litigation, and would either greatly reduce the trouble and expense of any subsequent notices. . . or provide a basis for informed reappraisal of the class action").

Plaintiff's proposed form of notice would mislead recipients into believing that, unless they opted-out, they were members of the class. That would be inaccurate as both Plaintiff and the Court's Order anticipate the need for some self-identification process. The notice recipients need to be informed of that process and given the opportunity to engage in it.

Requiring potential class members to submit an affidavit at this stage is no harm to the potential class members while ensuring notice is provided "to all members who can be identified through reasonable effort," in compliance with Rule 23(c)(2). In *Fager*, an objector to class settlement argued that, because the notice plan required affirmative action on the part of the recipient (submission of a claim form) and failure to respond "would result in the extinguishment of a real-property interest," and "that individuals in the ordinary course of affairs do not anticipate that the consequence of ignoring a mailing is to lose valuable real property rights," notice was improper. 854 F.3d at 1172. The Tenth Circuit rejected these arguments, as the notice affirmative act requirement "is precisely what one would expect as a resolution of the claims." *Id.*; *see also Rhodes v. Nat'l Collection Sys.,* Civil Action No. 15-cv-02049-REB-STV, 2017 U.S. Dist. LEXIS 215171, at *5 (D. Colo. Apr. 28, 2017) (requiring the parties jointly provide "a proposed form of notice and proposal for directing notice to the members of the class which incorporate appropriate mechanisms for verification of submitted claims").

In *Rhodes*, the class certified consisted of: "All persons with an address in Colorado (1) for whom National Collection Systems, Inc. left, or caused to be left, a voice message, (2) in connection with collection of a consumer debt, (3) from September 17, 2014 to September 17, 2015, (4) that failed to state (a) National Collection Systems, Inc.'s name, or (b) that National Collection Systems, Inc. is a debt collector." *Rhodes v. Nat'l Collection Sys.*, 317 F.R.D. 579,

6

586 (D. Colo. 2016). After certification, the same counsel that represents Plaintiff in this matter submitted a form of notice that did not require the recipient to self-identify as a class member, but rather allowed recipients to passively "opt-in" by doing nothing. *See* 2017 U.S. Dist. LEXIS 215171 at *2. The Court rejected Plaintiff's proposed plan as "deficient" for failing to provide the parties with "evidence of the number of persons properly included as members of the class and the total number of offending communications with them." *Id.* at *5. Ultimately, the Court approved the parties' jointly submitted proposed form of notice, which included a form requiring class members to self-identify. *See id.*, Civil Action No. 15-cv-02049-REB-STV, ECF No. 67 ("Joint Motion For Issuance of Class Notice"), attached hereto as Exhibit D.

Accordingly, Snap respectfully requests that the recipients of the notice be informed that they are not necessarily members of the certified class and of their obligations to demonstrate membership. They should also be provided with a form affidavit, in order to allow them to self-identify as actual class members as part of the notice process. The postcard and publication notices should also be conformed to these requirements and Snap's proposed long form notice.

## IV. CONCLUSION

For all of the foregoing reasons, Snap respectfully requests that the Court approve Defendant's proposed long form notice, and direct that the related postcard and publication notices should be similarly worded.

///

///

///

///

Dated this 4th day of November 2021.　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ *Jenny N. Perkins*
　　　　　　　　　　　　　　　　　　　　Jenny N. Perkins (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Melanie J. Vartabedian
　　　　　　　　　　　　　　　　　　　　Martin C. Bryce (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　BALLARD SPAHR LLP
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant, Snap Finance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of copy of the foregoing **Memorandum in Support of Proposed Notice** was served to the following this day of November 4, 2021, in the manner set forth below:

<u>On Plaintiff Brandi Wesley</u>:

[X] Electronic Filing

> Aaron D. Radbil       (*admitted pro hac vice*)
> Alexander D. Kruzyk (*admitted pro hac vice*)
> Michael L. Greenwald (*admitted pro hac vice*)
> GREENWALD DAVIDSON RADBIL PLLC
> 401 Congress Avenue, 1540
> Austin, TX 78701
>
> Curtis R. Hussey
> HUSSEY LAW FIRM, LLC
> 82 Plantation Pointe Road #288
> Fairhope, AL 36532
>
> Jason E. Greene
> Jared D. Scott
> ANDERSON & KARRENBERG, P.C.
> 50 West Broadway, Suite 700
> Salt Lake City, UT 84101

<u>On Third-Party Defendant Derrick Deon Jackson, Jr. a/k/a Derrick Johnson</u>:

[X] U.S. Mail, postage prepaid

Derrick Deon Jackson, Jr. a/k/a Derrick Johnson
1600 Pecan Chase Circle, Apt. 9
Arlington, Texas 76012

                                                                /s/ *Jenny N. Perkins*
                                                                   Jenny N. Perkins