Aaron D. Radbil (*pro hac vice*)
Michael L. Greenwald (*pro hac vice*)
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Phone: (561) 826-5477
aradbil@gdrlawfirm.com
mgreenwald@gdrlawfirm.com

Jared D. Scott (Bar No. 15066)
ANDERSON & KARRENBERG, P.C.
50 West Broadway, Suite 700
Salt Lake City, Utah 84101
Phone: (801) 534-1700
jscott@aklawfirm.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| BRANDI WESLEY, *on behalf of herself and others similarly situated*,<br><br>      Plaintiff,<br><br>v.<br><br>SNAP FINANCE, LLC,<br><br>      Defendant. | **PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES, AND AN INCENTIVE AWARD**<br><br>Civil Action No. 2:20-cv-00148-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |
| SNAP FINANCE, LLC,<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>DERRICK DEON JACKSON, JR., a/k/a DERRICK JOHNSON,<br><br>      Third-Party Defendant. | |

## Introduction

Brandi Wesley ("Plaintiff") and Snap Finance LLC ("Defendant") agreed to resolve this matter for the benefit of a nationwide class ("Settlement Class"). More specifically, Defendant agreed to create an all-cash, non-reversionary, $5 million common fund ("Common Fund") to compensate Settlement Class members for claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

On September 28, 2022, this Court preliminarily approved the parties' settlement ("Settlement"). *See* ECF No. 121. In turn, the court-appointed notice and claims administrator timely disseminated court-approved notice of the Settlement ("Class Notice").

In line with the Class Notice, court-appointed class counsel ("Class Counsel") seek an award of attorneys' fees equal to one-third of the Common Fund, or $1,666,666.67. As well, Class Counsel request reimbursement of costs and litigation expenses totaling $23,582.22. Additionally, Plaintiff seeks an incentive award in the amount of $10,000.

Class Counsel's and Plaintiff's requests are fair, reasonable, justified, and in line with awards approved in analogous TCPA class actions. Moreover, to date, not one Settlement Class member has objected to any part of the Settlement or to the requests for attorneys' fees, costs, expenses, and an incentive award. The deadline for Settlement Class members to object is December 12, 2022.

## Argument

**I.  Class Counsel's request for an award of attorneys' fees equal to one-third of the Common Fund is fair, reasonable, and justified.**

The Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

1

Acknowledging this, the Tenth Circuit held that "attorneys' fees are appropriately awarded from [a common] fund, on the theory that persons who obtain the benefit of a lawsuit without contributing to its costs are unjustly enriched at the successful litigant's expense." *Gottlieb v. Barry*, 43 F.3d 474, 482 (10th Cir. 1994) (internal quotation omitted).

    **A. The Tenth Circuit expressed its preference for the percentage of the fund method to calculate attorneys' fees awards in common fund cases.**

Historically, "[w]hen there is a common fund created by a settlement, courts have applied one of two methods of determining reasonable attorney's fee awards: by a percentage of the fund, or by the lodestar method developed in the statutory fee shifting cases." *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995). Recognizing "advantages and disadvantages with each method," *Gottlieb*, 43 F.3d at 482, and that "the more recent trend has been toward utilizing the percentage method in common fund cases," *id*., the Tenth Circuit expressed its "preference for the percentage of the fund method." *Rosenbaum*, 64 F.3d at 1445. And consistent with the Tenth Circuit's approach, this Court recently explained that the "percentage-of-the-fund method . . . . is the preferred method in this Circuit," *Lawrence v. First Fin. Inv. Fund V, LLC*, No. 219CV00174RJSCMR, 2022 WL 911357, at *2 (D. Utah Mar. 29, 2022) (Shelby, J.), and that "[t]he Tenth Circuit typically applies the percentage-of-the-fund method to determine fee awards when a common fund is created for settlement." *Cazeau v. TPUSA, Inc.*, No. 218CV00321RJSCMR, 2021 WL 1688540, at *8 (D. Utah Apr. 29, 2021) (Shelby, J.).

    **B. The *Johnson* factors support Class Counsel's request for an award of attorneys' fees equal to one-third of the Common Fund.**

"The Tenth Circuit has adopted the twelve *Johnson* factors as the appropriate test for courts to apply when assessing the appropriate percentage of the common fund." *Lawrence*, 2022

2

WL 911357, at *2; *see also Cazeau*, 2021 WL 1688540, at *8 ("In assessing reasonableness, the Tenth Circuit instructs courts to consider the twelve *Johnson* factors[.]").

The *Johnson* factors are:

(1) time and labor required, (2) novelty and difficulty of the question presented by the case, (3) skill requisite to perform the legal service properly, (4) preclusion of other employment by the attorneys due to acceptance of the case, (5) customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id*. (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

But "rarely are all of the *Johnson* factors applicable . . . in a common fund situation." *Id*. "[A]s is common practice," *Lawrence*, 2022 WL 911357, at *2, this Court need only "analyze each factor it finds to be relevant in determining whether the requested percentage is reasonable." *Id*.

### 1. The time and labor required to resolve this matter was significant.

"[I]n awarding attorneys' fees in a common fund case, the 'time and labor involved' factor need not be evaluated using the lodestar formulation when, in the judgment of the trial court, a reasonable fee is derived by giving greater weight to other factors, the basis of which is clearly reflected in the record." *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 (10th Cir. 1988). No matter, the time and labor Class Counsel expended in connection with this matter was quite significant. *See* Declaration of Aaron D. Radbil, ¶ 43 (summarizing Class Counsel's efforts leading up to and following the parties' agreement to resolve this matter), attached as Exhibit A.

### 2. The questions presented by this matter were difficult.

Plaintiff faced a number of significant hurdles in connection with this matter, some of which were difficult and some of which were novel. For example, Defendant vigorously opposed Plaintiff's motion to certify a class, *see* ECF No. 71, and presented a litany of arguments in support

3

of its opposition. *See id*. Of note, highlighting the difficult road Plaintiff faced in certifying a class, Defendant referenced several opinions issued by district courts that refused to certify proposed wrong-number TCPA classes. *See, e.g.*, *Revitch v. Citibank, N.A.*, No. C 17-06907 WHA, 2019 WL 1903247, at *2 (C.D. Cal. Apr. 28, 2019) (denying class certification and noting that "an evasive customer may reply with 'wrong number' when he answers a call regarding his delinquent account"); *Davis v. AT&T Corp.*, No. 15-cv-2342-DMS, 2017 WL 1155350, at *5 (S.D. Cal. Mar. 28, 2017) ("[d]efendant has come forward with evidence that a call with a 'wrong number' notation proves nothing because many customers tell callers they have reached the wrong number, though the customer's number was dialed, as a 'procrastination tool' to avoid speaking on the phone"); *Tomeo v. CitiGroup, Inc.*, No. 13 C 4046, 2018 WL 4627386, at *10 (N.D. Ill. Sept. 27, 2018) (following *Davis*); *Sliwa v. Bright House Networks, LLC*, 333 F.R.D. 255, 271-72 (M.D. Fla. 2019) ("[I]n the debt collection industry 'wrong number' oftentimes does not mean non-consent because many customers tell agents they have reached the wrong number, though the correct number was called, as a way to avoid further debt collection.").

As well, Defendant strenuously opposed Plaintiff's proposed Rule 23(c) notice plan by way of novel argument. *See* ECF Nos. 100, 108. Indeed, this Court's order approving Plaintiff's proposed notice plan includes analysis previously unmatched in thoroughness, given the context and contentions at bar, which will almost certainly serve as a roadmap for future class notice-related disputes in similar class actions. *See* ECF No. 114.

In addition, there was no guarantee that Plaintiff would ultimately prevail on the merits. To that end, Defendant asserted twenty-three separate affirmative defenses. *See* ECF No. 43 at 14-18. A path to success for Plaintiff was therefore far from certain and paved with difficult questions.

4

### 3. Class Counsel relied on particular skill and experience to properly perform the legal services required.

Where "Class Counsel's knowledge and experience . . . significantly contributed to a fair and reasonable settlement, this factor supports a request for a large amount of attorneys' fees." *Lane v. Page*, 862 F. Supp. 2d 1182, 1254 (D.N.M. 2012) (internal quotation omitted). Significant, then, is that "the prosecution and management of a complex national class action requires unique legal skills and abilities." *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-CV-3066-JEC, 2012 WL 12540344, at *4 (N.D. Ga. Oct. 26, 2012); *see also Swift v. BancorpSouth Bank*, No. 1:10-CV-00090-GRJ, 2016 WL 11529613, at *17 (N.D. Fla. July 15, 2016) (same); *In re Omnivision Techs., Inc. Sec. Litig.*, No. 5:11-CV-05235-RMW, 2015 WL 3542413, at *2 (N.D. Cal. June 5, 2015) (same); *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 362 (E.D.N.Y. 2010) (same).

Here, Class Counsel relied on their skill and experience in litigating Plaintiff's claims and negotiating the Settlement. To be sure, Class Counsel has a particular set of skills honed over years of practice, during which they have been appointed class counsel in a host of class actions under the TCPA alone. *See* Exhibit A, ¶ 10. Noteworthy, the combined recovery for consumers resulting from these TCPA matters exceeds $120 million. *See id.*, ¶ 11. Moreover, in the past seven years Class Counsel has been appointed as class counsel in dozens of other consumer protection class actions across the country. *See id.*, ¶ 12. Additionally, Class Counsel's notable federal appellate decisions in the consumer protection context are numerous. *See id.*, ¶ 27.

### 4. Acceptance of this matter limited Class Counsel's ability to take on other employment.

"[S]ubstantial and concentrated time investment by plaintiffs' counsel would tend to preclude other lucrative opportunities, thus warranting a higher percentage of the fund." *Columbus*

5

*Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-CV-3066-JEC, 2008 WL 11234103, at *2 (N.D. Ga. Mar. 4, 2008); *see also Reynolds v. Fid. Invs. Institutional Operations Co., Inc.*, No. 1:18-CV-423, 2020 WL 92092, at *3 (M.D.N.C. Jan. 8, 2020) ("Class Counsel's law firms are small enough that the choice to take one case over another affects the firm's ability to accept other paying work, and the work involved in this case was extensive."); *Slipchenko v. Brunel Energy, Inc.*, No. CIV.A. H-11-1465, 2015 WL 338358, at *21 (S.D. Tex. Jan. 23, 2015) ("By accepting this case, class counsel necessarily limited their ability to work on other cases. Four of Cohen Milstein's seven-lawyer Employee Benefits Practice Group spent more than 50 hours on this case."); *Lucken Family Ltd. P'ship, LLLP v. Ultra Res., Inc.*, No. 09-CV-01543-REB-KMT, 2010 WL 5387559, at *5 (D. Colo. Dec. 22, 2010) ("Because of the number of hours that class counsel have been required to devote to this case, class counsel necessarily were precluded from handling other litigation matters during that time."); *Johannssen v. Dist. No. 1*, No. AMD 96-2355, 2001 WL 770987, at *4 (D. Md. July 10, 2001), *aff'd in part, remanded in part sub nom. Johannssen v. Dist. No. 1-Pac. Coast Dist., MEBA Pension Plan*, 292 F.3d 159 (4th Cir. 2002) ("The extensive time spent on this case could certainly have been spent handling other cases; thus, involvement in this litigation carried with it significant opportunity costs.").

Here, Class Counsel's firm is relatively small. It includes just four partners and one of-counsel attorney. *See* https://www.gdrlawfirm.com/attorneys. The amount of work that Class Counsel can handle at any given time is accordingly limited. As such, Class Counsel accrued opportunity costs as a result of litigating this matter.

### 5. A customary fee in a common fund case is approximately one-third of the economic benefit bestowed on the class.

"[A] contingent fee of one-third of the settlement fund . . . . is customary[.]" *Cazeau*, 2021 WL 1688540, at *9; *see also Shaw v. Interthinx, Inc.*, No. 13-CV-01229-REB-NYW, 2015 WL

6

1867861, at *6 (D. Colo. Apr. 22, 2015) (awarding one-third of a $6 million common fund, and noting that "[t]his is well within the percentage range approved in similar cases," and that "the 'customary fee' factor supports the requested fee award"); *Tennille v. W. Union Co.*, No. 09-CV-00938-MSK-KMT, 2013 WL 6920449, at *7 (D. Colo. Dec. 31, 2013) ("The customary fee to class counsel in a common fund settlement is approximately one-third of the economic benefit bestowed on the class."), *report and recommendation adopted as modified*, No. 09-CV-00938-JLK-KMT, 2014 WL 5394624 (D. Colo. Oct. 15, 2014); *Anderson v. Merit Energy Co.*, No. CIV.07CV00916LTBBNB, 2009 WL 3378526, at *3 (D. Colo. Oct. 20, 2009) ("The customary fee to class counsel in a common fund settlement is approximately one-third of the economic benefit bestowed on the class."); *accord Robles v. Brake Masters Sys., Inc.*, No. CIV 10-0135 JB/WPL, 2011 WL 9717448, at *19 (D.N.M. Jan. 31, 2011) ("Fees in the range of 30–40% of any amount recovered are common in complex and other cases taken on a contingent fee basis.") (quoting *Cimarron Pipeline Const., Inc. v. Nat'l Council on Comp. Ins.*, No. CIV 89-1186-T, 1993 WL 355466, at *2 (W.D. Okla. June 8, 1993)).

      **6. Class Counsel entered into a contingent attorneys' fee agreement.**

Class Counsel entered into a contingent attorneys' fee agreement in connection with this matter. *See* Exhibit A, ¶ 41. This arrangement "weighs in favor of the requested attorneys' fees award, because '[s]uch a large investment of money [and time] place[s] incredible burdens upon . . . law practices and should be appropriately considered.'" *In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1256 (D.N.M. 2012); *see also Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1215 (S.D. Fla. 2006) ("This factor weighs heavily in favor of a 31 and 1/3% percentage fee for Class Counsel because the fee in this action has been completely contingent."); *accord Been v. O.K. Indus., Inc.*, No. CIV-02-285-RAW, 2011 WL 4478766, at *9

7

(E.D. Okla. Aug. 16, 2011) ("Courts agree that a larger fee is appropriate in contingent matters where payment depends on the attorney's success.").

Indeed, even in ordinary cases "uncertain is the outcome," *Columbus Drywall & Insulation, Inc.*, 2008 WL 11234103, at *3, and the corresponding risk taken by counsel in connection with contingent fee arrangements—no assurance of payment—warrants a higher percentage of the fund. *Id*. In the context of class actions, the inherent risk is multiplied:

> In undertaking to prosecute this complex case entirely on a contingent fee basis, Class Counsel assumed a significant risk of nonpayment or underpayment. That risk warrants an appropriate fee. The risks are inherent in financing and prosecuting complex litigation of this type, but Class Counsel undertook representation with the knowledge that they would have to spend substantial time and money and face significant risks without any assurance of being compensated for their efforts. Only the most experienced plaintiffs' litigation firms would risk the time and expense involved in bringing this Action in light of the possibility of a recovery at an uncertain date, or of no recovery at all.

*Simpson v. Citizens Bank*, No. 212CV10267DPHRSW, 2014 WL 12738263, at *7 (E.D. Mich. Jan. 31, 2014).

**7. Class Counsel obtained an excellent result for Settlement Class members.**

In the face of truly significant legal hurdles, Class Counsel obtained an excellent result for Settlement Class members. In particular, the raw, per-potential Settlement Class member value of the Settlement is substantially greater than $77. And this exceeds by multiples the raw, per-potential settlement class member value of many analogous TCPA class action settlements. *See, e.g.*, *Williams v. Bluestem Brands, Inc.*, No. 17-1971, 2019 WL 1450090, at *2 (M.D. Fla. Apr. 2, 2019) (approximately $7 per potential class member); *Prather v. Wells Fargo Bank, N.A.*, No. 15-4231, 2017 WL 770132 (N.D. Ga. Feb. 24, 2017) ($4.65 per potential class member); *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 15-1058, ECF No. 60 (N.D. Ga. Feb. 23, 2017) ($4.65 per potential class member); *James v. JPMorgan Chase Bank, N.A.*, No. 15-2424, 2016 WL 6908118,

8

at *1 (M.D. Fla. Nov. 22, 2016) ($5.55 per potential class member); *Cross v. Wells Fargo Bank, N.A.*, No. 15-cv-1270, 2016 WL 5109533 (N.D. Ga. Sept. 13, 2016) ($4.75 per potential class member); *Markos v. Wells Fargo Bank, N.A.*, No. 15-1156, 2016 WL 4708028 (N.D. Ga. Sept. 7, 2016) ($4.95 per potential class member); *Wilkins v. HSBC Bank Nev., N.A.*, No. 14-190, 2015 WL 890566, at *3 (N.D. Ill. Feb. 27, 2015) ($2.95 per potential class member); *Picchi v. World Fin. Network Bank*, No. 11-61797 (S.D. Fla. Jan. 30, 2015) ($2.63 per potential class member); *Duke v. Bank of Am., N.A.*, No. 12-4009, ECF Nos. 51, 59 (N.D. Cal. Feb. 19, 2014) ($4.15 per potential class member).

Of note, the raw, per-potential Settlement Class member value of the Settlement also exceeds the value of settlements in other TCPA class actions resolved after courts certified "wrong number" classes. *See, e.g.*, *Knapper v. Cox Commc'ns, Inc.*, No. 2:17-cv-00913-SPL, ECF No. 115 (D. Ariz. July 18, 2019) ($10,750,000 to compensate a class estimated to include 140,000 persons, or just under $77 per estimated class member); *Johnson v. Navient Sols., Inc.*, No. 21:15-cv-00716-LJM-MJD, ECF No. 175 (N.D. Ind. Jul. 26, 2017) ($19,744,650 to compensate a class that included 429,893 unique telephone numbers with wrong number codes, or just under $46 per potential class member).

As well, the Settlement is expected to greatly exceed, on a per-claimant recovery basis, other recently approved TCPA class action settlements. That is, Class Counsel estimates—based on historical claims rates—that after deducting requested awards of attorneys' fees, costs, and litigation expenses, participating Settlement Class members who submit valid claims will receive between $300 and $1,000 each. This would greatly surpass comparable figures in other approved TCPA class settlements. *See, e.g.*, *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 228 (N.D. Ill. 2016) ($52.50 per claimant); *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 947 (D.

Minn. 2016) ($33.20 per claimant); *Wright v. Nationstar Mortg. LLC*, No. 14-10457, 2016 WL 4505169, at *8 (N.D. Ill. Aug. 29, 2016) (approximately $45 per claimant); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (finding that $34.60 per person falls "within the range of recoveries" in a TCPA class action); *Rose v. Bank of Am. Corp.*, Nos. 11-2390, 12-4009, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (claimants received between $20 and $40 each); *Steinfeld v. Discover Fin. Servs.*, No. 12-1118, 2014 WL 1309352, at *7 (N.D. Cal. Mar. 31, 2014) (approving a settlement that ultimately distributed less than $50 per claimant, *see* ECF No. 101).

Additionally significant, the court in *Markos v. Wells Fargo Bank, N.A.* characterized a $24 per-claimant recovery in a TCPA class action as "an excellent result when compared to the issues Plaintiffs would face if they had to litigate the matter." No. 15-1156, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017). Here, Class Counsel estimates a per-claimant recovery that exceeds the per-claimant recovery in *Markos* by twelve to forty-fold.

And what's more, the Settlement provides Settlement Class members with real monetary relief, despite the purely statutory damages at issue—damages that courts have deemed too small to incentivize individual actions. *See, e.g.*, *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 699 (S.D. Fla. 2015) (noting that the small potential recovery in individual TCPA actions reduced the likelihood that class members will bring suit); *St. Louis Heart Cntr., Inc. v. Vein Cntrs. for Excellence, Inc.*, No. 12-174, 2013 WL 6498245, at *11 (E.D. Mo. Dec. 11, 2013) (explaining that because the statutory damages available to each individual class member are small, it is unlikely that the class members have interest in individually controlling the prosecution of separate actions). Therefore, because of the Settlement, Settlement Class members will receive money they otherwise would have likely never pursued on their own.

> **8. The length of this matter, the contingent nature of this matter, and the lack of guaranteed payment in this matter, make it undesirable to many attorneys.**

That Class Counsel worked for years absent any promise of payment for their efforts makes this matter undesirable to many attorneys. *See Columbus Drywall & Insulation, Inc.*, 2008 WL 11234103, at *4 (explaining that the prospect of expending significant time and money with no assurance of payment, to litigate a case against well-represented defendants, would deter many lawyers from assuming representation). So although Class Counsel ultimately obtained a result that any attorney should be proud of, the road leading to a resolution was paved with quantities of time and money that would deter many attorneys from accepting this matter. And this is especially true given the excellent legal representation that Defendant obtained in this matter.

> **9. Courts often award attorneys' fees equal to one-third of the common fund in TCPA class actions.**

In the TCPA class action context, awards of attorneys' fees equal to one-third of the common fund are typical, reflecting the risk associated with TCPA class actions. *See*, *e.g.*, *Hanley v. Tampa Bay Sports & Entm't LLC*, No. 819CV00550CEHCPT, 2020 WL 2517766, at *6 (M.D. Fla. Apr. 23, 2020) (awarding "a slight increase from the one-third benchmark"); *Sheean v. Convergent Outsourcing, Inc.*, No. 218CV11532GCSRSW, 2019 WL 6039921, at *4 (E.D. Mich. Nov. 14, 2019) (awarding one-third of the common fund); *Charvat v. Valente*, No. 12-CV-05746, 2019 WL 5576932, at *11 (N.D. Ill. Oct. 28, 2019) (awarding attorney's fees of 33.99% of the common fund); *Gonzalez v. TCR Sports Broad. Holding, LLP*, No. 1:18-CV-20048-DPG, 2019 WL 2249941, at *6 (S.D. Fla. May 24, 2019) (awarding one-third of the common fund); *West v. Cal. Serv. Bureau, Inc.*, No. 4:16-cv-03124-YGR, ECF No. 128 (N.D. Cal. Jan. 23, 2019) (awarding one-third of the common fund); *Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2018 WL 6305785, at *3 (M.D.N.C. Dec. 3, 2018) (finding that a "fee of $20,447,600, which is

one-third of the judgment, is reasonable," and noting that "in cases where parties settled TCPA claims, and which necessarily required less work and risk as well as lower recoveries, courts have typically awarded one-third of the settlement fund to cover attorney's fees"); *Todd S. Elwert, Inc., DC v. All. Healthcare Servs., Inc.*, No. 3:15-CV-2673, 2018 WL 4539287, at *4 (N.D. Ohio Sept. 21, 2018) (awarding one-third of the common fund); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d at 807 (awarding 36% of the first $10 million of the common fund); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 503 (N.D. Ill. 2015) (awarding 36% of the common fund); *Prater v. Medicredit, Inc.*, No. 4:14-CV-00159-ERW, 2015 WL 8331602, at *3 (E.D. Mo. Dec. 7, 2015) (awarding one-third of the common fund); *Soto v. The Gallup Org.*, No. 13-cv-61747, ECF No. 95 (S.D. Fla. Nov. 24, 2015) (awarding one-third of the common fund, inclusive of costs); *Allen v. JPMorgan Chase Bank, N.A.*, No. 13-cv-8285, ECF No. 93 (N.D. Ill. Oct. 21, 2015) (awarding one-third of the common fund); *Guarisma v. ADCAHB Med. Coverages, Inc.*, No. 13-cv-21016, ECF No. 95 (S.D. Fla. June 24, 2015) (awarding one-third of the common fund); *Hageman v. AT&T Mobility LLC, et al.*, No. 1:13-cv-50, ECF No. 68 (D. Mont. Feb. 11, 2015) (awarding one-third of the common fund); *Vendervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding one-third of the common fund); *Martin v. Dun & Bradstreet, Inc. et al*, No. 1:12-cv-00215, ECF No. 63 (N.D. Ill. Jan. 16, 2014) (awarding more than one-third of the common fund); *Cummings v Sallie Mae*, No. 1:12-cv-9984, ECF No. 91 (N.D. Ill. May 30, 2014) (awarding one-third of the common fund, inclusive of costs); *Hanley v. Fifth Third Bank*, No. 1:12-cv-01612, ECF No. 86 (N.D. Ill. Dec. 23, 2013) (awarding one-third of the common fund, inclusive of costs); *Desai v. ADT Sec. Servs., Inc.*, No. 1:11-cv-1925, ECF No. 243 (N.D. Ill. June 21, 2013) (awarding one-third of the common fund, inclusive of costs); *CE Design Ltd. v. Cy's Crab House N., Inc.*, No. 1:07-cv-5456, ECF No. 424 (N.D. Ill. Oct. 21, 2011) (awarding one-third of the common fund,

plus costs); *Locklear Elec., Inc. v. Norma L. Lay*, No. 3:09-cv-00531, ECF No. 67 (S.D. Ill. Sept. 8, 2010) (awarding one-third of the common fund, plus costs); *Holtzman v. CCH*, No. 1:07-cv-7033, ECF No. 33 (N.D. Ill. Sept. 30, 2009) (awarding one-third of the common fund, inclusive of costs).

### II. Class Counsel is entitled to reimbursement of $23,582.22 in costs and litigation expenses.

"An attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation costs from that fund." *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1023 (E.D. Cal. 2019), *appeal dismissed sub nom. Carlin v. Spooner*, 808 F. App'x 571 (9th Cir. 2020); *see also In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 519 (W.D. Pa. 2003) ("There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of . . . reasonable litigation expenses from that fund."). And "[t]he prevailing view is that expenses are awarded in addition to the fee percentage." *Clark v. Duke Univ.*, No. 1:16-CV-1044, 2019 WL 2579201, at *4 (M.D.N.C. June 24, 2019).

"Reimbursable expenses include expert fees, travel, conference telephone, postage, delivery services, and computerized legal research." *Id.*; *see also In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (awarding as reasonable and necessary, reimbursement for "1) meals, hotels, and transportation; 2) photocopies; 3) postage, telephone, and fax; 4) filing fees; 5) messenger and overnight delivery; 6) online legal research; 7) class action notices; 8) experts, consultants, and investigators; and 9) mediation fees"); *accord* Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and *nontaxable* costs that are authorized by law or by the parties' agreement.") (emphasis added).

Here, Class Counsel requests the reimbursement of $23,582.22 in costs and litigation expenses necessarily incurred to resolve this matter on behalf of Settlement Class members. These

expenses include filing and application fees, process server fees, PACER charges, deposition transcript costs, mailing and postage charges, expert fees, travel and lodging expenses, meal expenses associated with case-related travel, and mediation fees. *See* Exhibit A, ¶ 47. Because Class Counsel's litigation costs and expenses are eminently reasonable in a class action like this, and were necessary to the successful resolution of this action, *see Carlin*, 380 F. Supp. 3d at 1024, Class Counsel request that this Court approve their reimbursement.

### III. Plaintiff's request for an incentive award of $10,000 is supported by her efforts in connection with this matter and the results she obtained for Settlement Class Members.

"[C]ourts regularly give incentive awards to compensate named plaintiffs for the work they performed—their time and effort invested in the case." *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 468 (10th Cir. 2017); *see also Lane*, 862 F. Supp. 2d at 1236 ("The Courts of Appeals consistently assert that incentive awards for class representatives are justified to give incentive to a class representative to come forward when none are forthcoming, and to compensate a class representative for risks they take and work they perform on behalf of the class.") (collecting cases and analysis).

Efforts supporting incentive awards include "monitoring class counsel, being deposed by opposing counsel, keeping informed of the progress of the litigation, and serving as a client for purposes of approving any proposed settlement with the defendant." *Chieftain Royalty Co.*, 888 F.3d at 468. Similarly stated, "[i]n deciding whether [an incentive] award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998); *accord UFCW Local 880—Retail Food Emp'rs Joint Pension Fund v. Newmont Mining Corp.*, 352 F.

14

App'x 232, 235 (10th Cir. 2009) ("a class representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class").

Here, Plaintiff requests an incentive award of $10,000 in recognition of her contributions to the successful resolution of this litigation. From the outset, without Plaintiff's tenacious efforts there would have been no recovery for Settlement Class members. And obtaining this recovery was no small feat. Plaintiff devoted considerable time and energy to this case over approximately two-and-a-half years, which included, for example, approving iterations of class action complaints, helping to prepare responses to Defendant's two separate sets of written discovery requests to her, participating in many strategy conferences with Class Counsel, preparing for and sitting for a six-and-a-half hour deposition, participating in settlement discussions, and attending by telephone mediation in this matter. *See* Exhibit A, ¶ 51.

Noteworthy, Plaintiff' request for an incentive award of $10,000 is significantly less than awards courts have approved in comparable TCPA matters. *See, e.g.*, *Jones v. I.Q. Data Int'l, Inc.*, No. 1:14-CV-00130-PJK, 2015 WL 5704016, at *2 (D.N.M. Sept. 23, 2015) ($20,000 incentive award from a $1 million common fund); *Markos*, 2017 WL 416425, at *3 (approving incentive awards of $20,000 each in TCPA class action); *Prater*, 2015 WL 8331602, at *3 ($20,000 incentive award from a $6.75 million common fund); *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-CV-4462, 2015 WL 1399367, at *6 (N.D. Ill. Mar. 23, 2015) (collecting cases and approving a $25,000 service award to TCPA class representative); *Ritchie v. Van Ru Credit Corp.*, No. CV-12-1714-PHX-SMM, 2014 WL 956131, at *5 (D. Ariz. Mar. 12, 2014) ($12,000 incentive award from a $2.3 million common fund); *Martin v. Dun & Bradstreet, Inc.*, No. 1:12-cv-215, 2014 WL 9913504, at *3 (N.D. Ill. Jan. 16, 2014) (approving a $20,000 service award to a TCPA class representative).

**Conclusion**

Class Counsel and Plaintiff request that this Court grant their requests for (1) an award of attorneys' fees equal to one-third of the Common Fund, or $1,666,666.67, (2) reimbursement of costs and litigation expenses totaling $23,582.22, and (3) an incentive award in the amount of $10,000.

Dated: November 7, 2022

/s/ Aaron D. Radbil
Aaron D. Radbil
Michael L. Greenwald
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Phone: (561) 826-5477
aradbil@gdrlawfirm.com
mgreenwald@gdrlawfirm.com

Jared D. Scott
ANDERSON & KARRENBERG, P.C.
50 West Broadway, Suite 700
Salt Lake City, Utah 84101
Phone: (801) 534-1700
jscott@aklawfirm.com

*Counsel for Ms. Wesley and Class Counsel*

**CERTIFICATE OF SERVICE**

I certify that on November 7, 2022, I filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will provide notice to all counsel of record.

/s/ Aaron D. Radbil
Aaron D. Radbil

16