# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| BRANDI WESLEY, *on behalf of herself and others similarly situated*,<br><br>                        Plaintiff,<br><br>v.<br><br>SNAP FINANCE, LLC,<br><br>                        Defendant. | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES, AND AN INCENTIVE AWARD, AND PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| SNAP FINANCE, LLC,<br><br>                        Third-Party Plaintiff,<br><br>v.<br><br>DERRICK DEON JACKSON, JR., a/k/a DERRICK JOHNSON,<br><br>                        Third-Party Defendant. | Civil Action No. 2:20-cv-00148-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

In the final fairness hearing before the court on February 7, 2023, the court granted Plaintiff Brandi Wesley's unopposed Motion for Attorneys' Fees, Costs, Litigation Expenses, and an Incentive Award, as well as her Motion for Final Approval of Class Action Settlement (collectively, the Motions).[1]  As explained at the hearing, the purpose of this Order is to provide the parties with a formal record reflecting the final disposition of the class action against Defendant Snap Finance, LLC (Snap).  This Order fully incorporates the analysis of the court set forth on the record during the final fairness hearing.[2]

---

[1] Dkt. 131, *Minute Order for February 7, 2023 Hearing*; *see* Dkt. 124, *Motion for Attorneys' Fees, Costs, Litigation Expenses, and an Incentive Award*; Dkt. 128, *Motion for Final Approval of Class Action Settlement*.

[2] Dkt. 131.

## BACKGROUND

Wesley filed this action against Snap on March 6, 2020, alleging violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 (Action).[3] In September 2021, after extensive briefing by the parties and a hearing before the court, Wesley's Motion for Class Certification and Appointment of Class Counsel was granted.[4] Snap's attempt to appeal the class certification pursuant to Federal Rule of Civil Procedure 23(f) was denied by the Tenth Circuit on February 16, 2022.[5] Shortly thereafter, the parties announced they had agreed to submit their dispute to mediation.[6]

After several months of extensive arm's length negotiations and settlement discussions, the parties announced they had reached an agreement to resolve the Action on June 21, 2022.[7] Wesley then submitted the proposed class action settlement agreement (Agreement) for evaluation by the court,[8] which preliminarily approved the Agreement on September 28, 2022.[9] In accordance with the court's Preliminary Approval Order, settlement class members were given due and sufficient notice of the terms of the Agreement, as well as ample opportunity to be excluded from the Agreement or file objections.[10] On November 7, 2022, Wesley timely filed her request for attorneys' fees, costs, litigation expenses, and an incentive award, as

---

[3] Dkt. 2, *Class Action Complaint*; *see also* Dkt. 40, *Amended Class Action Complaint*.

[4] Dkt. 92, *Memorandum Decision and Order Granting Plaintiff's Motion to Certify Class* (Dkt. 64) *and Denying Defendant's Motion to Exclude Testimony* (Dkt. 73).

[5] Dkt. 104, *United States Court of Appeals for the Tenth Circuit, Order*.

[6] *See* Dkt. 113, *Joint Status Report* ¶ 1.

[7] *See* Dkt. 117, *Notice of Class Action Settlement*.

[8] *See* Dkt. 12-1, *Exhibit A to Declaration of Aaron D. Radbil: Class Action Settlement Agreement*.

[9] Dkt. 121, *Order Preliminarily Approving Class Action Settlement (Preliminary Approval Order)*.

[10] *See id.* at 5.

contemplated by the Agreement.[11]  Then, on December 13, 2022, the deadline for filing objections to the fairness of the Agreement lapsed, with no written objections received by either the court or class counsel.[12]  With no challenges to the Agreement, Wesley filed her uncontested Motion for Final Approval of Class Action on January 6, 2023.[13]

The final fairness hearing was held before the court on February 7, 2023 to address whether the Agreement should be given final approval.[14]  As stated on the record, the court concluded the Agreement is, in all respects, fair, reasonable, and adequate, and in the best interest of all settlement class members.[15]  Additionally, the court found that Wesley's request for attorneys' fees, costs, litigation expenses, and an incentive award is fair and reasonable.[16]  For the reasons stated on the record, and for the reasons that follow, the court GRANTED both Motions.  The court further stated that this Order would be filed to provide the parties and settlement class members with a record of the court's decision.

## FINAL CLASS CERTIFICATION AND SETTLEMENT APPROVAL

The parties have requested final certification of the settlement class under Rule 23(b)(3) and final approval of the Agreement.[17]  Additionally, Wesley asks the court to grant attorneys' fees, costs, litigation expenses, and an incentive award in connection with the settlement.[18]

The court has read and considered the Agreement, the Motions, and the record of these

---

[11] Dkt. 124.

[12] *See* Dkt. 128-1, *Exhibit A: Declaration of Zach Cooley* ¶¶ 25–27; Dkt. 128 at 3; Dkt. 130, *Plaintiff's Reply in Support of Unopposed Motion for Final Approval of Class Action Settlement*.

[13] Dkt. 128.

[14] Dkt. 131.

[15] *Id.*

[16] *Id.*

[17] Dkt. 128 at 5, 13.

[18] Dkt. 124.

3

proceedings.

   NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  JURISDICTION:  The court has jurisdiction over the subject matter of the Action and over all settling parties.

2.  SETTLEMENT CLASS MEMBERS:  Pursuant to Rule 23(b)(3), the Action is certified, for settlement purposes, as a class action on behalf of the following settlement class members with respect to the claims asserted in the Action:

> All persons throughout the United States (1) to whom Snap Finance LLC placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Snap Finance LLC accountholder, (3) in connection with which Snap Finance LLC used an artificial or prerecorded voice, (4) from September 1, 2019 through June 14, 2022.

3.  CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT:  Pursuant to Rule 23, the court certifies Wesley as the class representative, and Aaron D. Radbil and Michael L. Greenwald, of Greenwald Davidson Radbil PLLC, as class counsel.

4.  ADEQUACY OF NOTICE:  Pursuant to the Preliminary Approval Order, the approved class action notices were mailed and published.  The form and method for notifying the settlement class members of the settlement and its terms and conditions conformed with the Preliminary Approval Order and satisfied the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The court finds that the notice was clearly designed to advise settlement class members of their rights.

5.  FINAL CLASS CERTIFICATION:  The court finds that the settlement class satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

 A. The settlement class members are so numerous that joinder of all of them in the Action is impracticable;

B. There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

C. Wesley's claims are typical of the claims of the settlement class members;

D. Wesley and class counsel have fairly and adequately represented and protected the interests of all settlement class members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6.  FINAL SETTLEMENT APPROVAL:  The court finds that the settlement of this action, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable."[19]

The court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

A. the class representatives and class counsel have adequately represented the class;

B. the proposal was negotiated at arm's length;

C. the relief provided for the class is adequate, taking into account:

---

[19] *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

D. the proposal treats class members equitably relative to each other.[20]

The Agreement,[21] which is incorporated into this Order, is finally approved, and must be consummated in accordance with its terms and provisions, except as amended by any order issued by the court.

7.    SETTLEMENT TERMS: The material terms of the Agreement include, but are not limited to, the following:

A. Settlement Fund: Defendant will establish (if not already established) a $5 million fund (Settlement Fund).

B. Deductions: The following are to be deducted from the Settlement Fund before any other distributions are made:

    a. The costs for the administration of the settlement and class notice, including expenses necessary to identify potential settlement class members;

    b. Wesley's attorneys' fees, in the amount of $1,666,666.67, and the reimbursement of class counsel's litigation costs and expenses in the amount of $23,582.22; and

---

[20] *See* Fed. R. Civ. P. 23(e)(2).

[21] *See* Dkt. 120-1.

    c. The incentive payment to Wesley, who will receive $10,000 from the Settlement Fund as acknowledgment of her role in prosecuting claims on behalf of the settlement class members.

C. <u>Settlement Payments to Class Members</u>: Each settlement class member who has submitted a valid claim form will receive compensation as set forth in the Agreement. Each settlement check will be void one-hundred twenty (120) days after issuance.

The settlement class members were given an opportunity to object to the settlement. No settlement class members objected to the settlement or the requests for attorneys' fees, costs, expenses, or an incentive award. No settlement class members made a valid and timely request for exclusion.

This order is binding on all settlement class members.

Wesley, settlement class members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against any of the released parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, and discharged, by virtue of these proceedings and this Order.

This final Order bars and permanently enjoins Wesley and all members of the settlement class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), asserting the released claims, and (b) attempting to effect opt-outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded

from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in the Action or class action settlement.

The Action is hereby dismissed with prejudice in all respects.

This Order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Snap of any liability or wrongdoing in this or in any other proceeding.

The court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to the Action or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

IT IS SO ORDERED.

DATED this 7th day of February, 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge